Mr. Chief Justice Shakkey
delivered the opinion of the court.
It will be sufficient, in this case, to mention the prominent facts, to show the question presented for determination, without *516 a minute examination of all the facts and circumstances disclosed by the record.
It seems that the plaintiffs in error had recovered a judgment against R. H. Warren, one of the defendants in error, for 0904 debt, and $165 damages. A fi. fa. issued on this judgment, which was levied on personal property. The defendant gave a forthcoming bond, with P. M. Warren as surety, which was forfeited, and thereupon another fi. fa. issued, which was levied on land. The defendants made some partial payments, which reduced the sum due to $800. He afterwards applied to the circuit judge to supersede the execution, on the ground of an entire payment, and moved in court to have satisfaction entered, which was directed by the court on the finding of a jury, that the amount had been paid, and this is the judgment which the plaintiffs now seek to reverse. To prove the payment, the defendants in execution introduced the receipt of the sheriff in the following words; “Received of R. H. Warren eight hundred dollars, on an execution in favor of Gasquet, Parish & Go, against Ferguson and Warren, this 25th February, 1840. W. Henderson, sheriff.” It was in proof that there was no other judgment against Warren, except the one in this record, so that the particular judgment to which the receipt referred could not be mistaken. Witnesses were then introduced, who proved beyond doubt, that the payment acknowledged by the receipt, was made in Union Bank notes, which, although current in discharge of debts in that part of the state, were considerably below par. The defendant, when he paid the money, represented to the sheriff that the plaintiffs’ attorney would receive it in satisfaction, but it was also in proof, that neither the plaintiff nor his attorney, had ever consented to receive such money, either by direction to the sheriff or otherwise. Thus it will be seen that the main question is, whether a payment by the defendant to the sheriff, made in depreciated bank notes, is a satisfaction of the execution.
The receipt, although it was 'prima facie evidence of payment, yet it was not conclusive. It was, therefore, entirely competent for the plaintiff to introduce proof to explain it, or *517 even to contradict it, by showing that in fact no money was received, or in what particular kind of money the payment was made.
The decision of the main point depends upon the application of a few plain and undeniable principles of law. By the execution the sheriff was commanded to levy the money. .His duty was plain, and his power limited. By the judgment of the court the plaintiff was entitled to receive from the defendant so much money, and to coerce its payment by execution, for which purpose the execution commanded the sheriff to levy the amount by a seizure of the defendants’ property. The command being to levy the money, the sheriff had no authority to depart from it, and being commanded to raise the money, he could not legally receive from the defendant by voluntary payment anything but money. Bank notes, by common consent, may circulate as money ; they may be adopted as a general currency, but this does not make them money, although for some purposes they are treated in law as such. A tender made in bank notes is good, if not objected to on that account; but when the law requires the sheriff to levy so much money, it means that which in fact and in law is money, which is gold or silver coin. This in law is money, and nothing else is. By receiving anything else, the officer departs from his authority and from his duty, and his act therefore is not binding on the plaintiff. And "as the obligation, the judgment, calls for money, the defendant does not discharge himself by paying anything else. The law having condemned him to pay money, will not allow the duty to be discharged by the'payment of specific articles. Such payment is no answer to the legal liability. Before the judgment, the plaintiff was not bound to receive anything in discharge of the debt but- gold or silver; -nothing else would have discharged the defendants’ obligation; would it not be singular, that, after judgment, after the obligation had been raised in dignity, the defendant should be allowed to discharge it by depreciated paper money? And yet this is the necessary result of the judgment in this case. That this payment was received by the sheriff makes no difference; in receiving it *518 he went beyond the scope of his power, and the plaintiff is not bound by his acts. The plaintiff is only bound by the acts of the sheriff when he confines himself strictly within the line of duty. It was not his duty to receive in discharge of the plaintiffs’ execution, depreciated bank notes, 'without express authority from the plaintiff himself. Even the authority of the attorney for doing so would not be sufficient under his general power. This question has already been virtually settled in several cases decided by this court. Planters Bank v. Scott, 5 Howard, 246. Morton v. Walker, (January, 1843.)
This, it must be remembered, was a voluntary payment ' made by the defendant. We need not determine how the question would stand if the sheriff had sold property of the defendant, and taken Union Bank notes in payment. We can say, however, that even in such case the plaintiff would not be bound to receive the bank notes; but whether the defendant would be discharged, and the sheriff alone become responsible, is a question which does not arise in this case. We think the court clearly erred in refusing a new trial, and the judgment must be reversed, and the cause remanded for a new trial.
Mr. Justice Clayton, having been of counsel, gave no opinion.